## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**JOSEPH A. KNIPE,**

      **Plaintiff,**

      **v.**                                  **CASE NO. 24-3101-JWL**

**CCA LEAVENWORTH, and**
**(FNU) BAKER, Warden,**

      **Defendants.**

### MEMORANDUM AND ORDER TO SHOW CAUSE

Plaintiff Joseph A. Knipe is hereby required to show good cause, in writing to the Honorable John W. Lungstrum, United States District Judge, why this action should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein.

**1.  Nature of the Matter before the Court**

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983.  Plaintiff is in custody at the Forest City-FCI in Forest City, Arkansas.  Plaintiff's claims are based on incidents occurring during his detention at CCA Leavenworth in Leavenworth, Kansas ("CCA").  The Court granted Plaintiff leave to proceed in forma pauperis.

Plaintiff alleges that on June 8, 2021, he was assigned to the Y-Pod at CCA and was assaulted by another inmate for being a sex offender.  (Doc. 1, at 2.)  Plaintiff alleges that he was video recorded by medical staff stating what occurred, and was taken to Providence Hospital's ER for treatment of his injuries.  *Id*.  Plaintiff alleges that when he returned to CCA, he was placed in Protective Custody and "never got [his] chance to go to court for what happened."  *Id*.

Plaintiff alleges a due process violation, a violation of "18 USC [249] the Shephard-Byrd Hate Crimes Act," and a violation of 34 U.S.C. § 30501 "of the Covid-19 Hate Crimes Act."  *Id*.

1

at 3–4.  Plaintiff names CCA and Warden Baker as defendants, and seeks "restitution owed for mental and physical injuries of $2,500,000.00."  *Id*. at 5.

## II.  Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins,* 487 U.S. 42, 48 (1988)(citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992).  A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  In addition, the court accepts all well-pleaded allegations in the complaint as true.  *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006).  On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a

cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007)(citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III.  DISCUSSION

### A.  Statute of Limitations

Plaintiff brings claims based on incidents occurring in June 2021.  The statute of limitations applicable to § 1983 actions is determined from looking at the appropriate state statute of limitations and tolling principles.[1]  *See Hardin v. Straub*, 490 U.S. 536, 539 (1989).  "A *Bivens* action is subject to the same statute of limitations as a 42 U.S.C. § 1983 suit."  *Roberts v. Barreras*, 109 F. App'x 224, n.1 (10th Cir. 2004) (citation omitted).

"The forum state's statute of limitations for personal injury actions governs civil rights claims under both 42 U.S.C. § 1981 and § 1983. . . . In Kansas, that is the two-year statute of limitations in Kan. Stat. Ann. § 60–513(a)."  *Brown v. Unified Sch. Dist. 501, Topeka Pub. Sch.*, 465 F.3d 1184, 1188 (10th Cir. 2006) (citations omitted).

While state law governs the length of the limitations period and tolling issues, "the accrual date of a § 1983 cause of action is a question of federal law."  *Wallace v. Kato*, 549 U.S. 384, 388 (2007).  Under federal law, the claim accrues "when the plaintiff has a complete and present cause of action."  *Id.* (internal quotation marks and citation omitted).  In other words, "[a] § 1983 action accrues when facts that would support a cause of action are or should be apparent."  *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006) (internal quotation marks and citation omitted), *cert. denied* 549 U.S. 1059 (2006).  A district court may dismiss a complaint filed by an indigent plaintiff if it is patently clear from the allegations as tendered that the action is barred by the statute

---

[1] Although the Kansas Supreme Court tolled the state statutes of limitations in response to the COVID-19 pandemic, it was reinstated prior to the events underlying the claims in this case.  *See Korgan v. Estate of Hansen by and through Cramer*, 2022 WL 4465074, at *2–4 (D. Kan. Sept. 26, 2022) (finding that the statute of limitations was tolled from March 19, 2020 through April 14, 2021).  The tolling or suspension is set forth in Kansas Supreme Court Administrative Order 2020-PR-016, as amended by Kansas Supreme Court Administrative Order 2020-PR-32.  The AO reinstated the statute of limitations effective April 15, 2021.

of limitations.  *Id*. at 1258–59; *see also Jones v. Bock*, 549 U.S. 199, 214 (2007); *Hawkins v. Lemons*, No. 09-3116-SAC, 2009 WL 2475130, at *2 (D. Kan. Aug. 12, 2009).

It plainly appears from the face of the Complaint that Plaintiff's claims are subject to dismissal as barred by the applicable two-year statute of limitations.  Plaintiff filed his Complaint on June 17, 2024.  Plaintiff's alleged violations occurred in June or July of 2021.  It thus appears that any events or acts of Defendants taken in connection with Plaintiff's claims took place more than two years prior to the filing of Plaintiff's Complaint and are time-barred.  *See Fratus v. Deland*, 49 F.3d 673, 674–75 (10th Cir. 1995) (district court may consider affirmative defenses *sua sponte* when the defense is obvious from the face of the complaint and no further factual record is required to be developed).  Plaintiff has not alleged facts suggesting that he would be entitled to statutory or equitable tolling.

## B.  Plaintiff's Claims Under 42 U.S.C. § 1983

Even if Plaintiff's claims were not barred by the statute of limitations, he fails to state a claim for relief.  Plaintiff states that he is bringing his claims under 42 U.S.C. § 1983.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted).  A defendant acts "under color of state law" when he "exercise[s] power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'"  *Id*. at 49 (citations omitted).

CCA is a private corporation.  "In order to hold a private individual liable under § 1983 for a constitutional violation requiring state action, a plaintiff must show under *Lugar*, . . . that the individual's conduct is 'fairly attributable to the State.'"  *Pino v. Higgs*, 75 F.3d 1461, 1465 (10th

5

Cir. 1996) (citing *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)).  The requirement is satisfied if two conditions are met.  First, the deprivation "must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the state or by a person for whom the State is responsible." *Yanaki v. Iomed, Inc.*, 415 F.3d 1204, 1207–08 (10th Cir. 2005), *cert. denied* 547 U.S. 1111 (2006) (citing *Lugar*, 457 U.S. at 937).  Second, the private party must have "acted together with or [ ] obtained significant aid from state officials" or engaged in conduct "otherwise chargeable to the State." *Id*. at 1208.

Plaintiff alleges no facts to support an inference that any of the Defendants were acting under state law or in conspiracy with any state official.  Plaintiff also makes no allegation that the Defendants obtained significant aid from the state of Kansas or any other state or state officials, or that Defendants engaged in conduct otherwise chargeable to the State.  Plaintiff provides no factual claim or support for a claim that Defendants acted under color of state law.  *See McKeighan v. Corr. Corp. of Am.*, No. 08-3173-SAC, 2008 WL 3822892, at *3 (D. Kan. 2008) (finding CCA not a "person" amenable to suit under § 1983, and CCA employees not acting under color of state law).  Therefore, Plaintiff fails to state a claim for relief under 42 U.S.C. § 1983.

### C.  Claim Under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971)

Plaintiff also fails to state a claim under *Bivens*.  The United States Supreme Court has found that a *Bivens* remedy is not available to a prisoner seeking damages from the employees of a private prison for violation of the prisoner's Eighth Amendment rights.  *Minneci v. Pollard*, 565 U.S. 118, 120–21 (2012) (refusing to imply the existence of a *Bivens* action where state tort law authorizes alternate action providing deterrence and compensation); *see also Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 71–73  (2001) (holding that *Bivens* action does not lie against a private

corporation operating a halfway house under contract with the Bureau of Prisons).  In *Minneci*, the
Supreme Court stated:

> [W]here . . . a federal prisoner seeks damages from privately
> employed personnel working at a privately operated federal prison,
> where the conduct allegedly amounts to a violation of the Eighth
> Amendment, and where that conduct is of a kind that typically falls
> within the scope of traditional state tort law (such as the conduct
> involving improper medical care at issue here), the prisoner must
> seek a remedy under state tort law.  We cannot imply a *Bivens*
> remedy in such a case.

*Minneci*, 565 U.S. at 131.

The Supreme Court reasoned that "a critical difference" between cases where *Bivens*
liability applied and those where it did not was "employment status," i.e., whether the defendants
were "personnel employed by the government [or] personnel employed by a private firm."  *Id*. at
126.  CCA is a private corporation that contracted with the United States Marshals Service, a
federal law enforcement agency.  The Supreme Court also rejected the argument that private actors
performing governmental functions should be considered federal agents for the purposes of *Bivens*
liability.  *Id*. at 126–27.

The Supreme Court held in *Minneci* that the "ability of a prisoner to bring state tort law
damages action[s] against private individual defendants means that the prisoner does not 'lack
effective remedies.'"  *Id*. at 125 (citing *Malesko*, 534 U.S. at 72).  They reasoned that "in the case
of a privately employed defendant, state tort law provides an 'alternative, existing process' capable
of protecting the constitutional interests at stake."  *Id*. (citing *Wilkie v. Robbins*, 551 U.S. 537, 550
(2007)).  They explained that, "[s]tate-law remedies and a potential *Bivens* remedy need not be
perfectly congruent" and even if "state tort law may sometimes prove less generous than would a
*Bivens* action," this fact is not a "sufficient basis to determine state law inadequate."  *Id*. at 129
(finding that "federal law as well as state law contains limitations").

The Supreme Court also found "specific authority indicating that state law imposes general tort duties of reasonable care (including medical care) on prison employees in every one of the eight States where privately managed secure federal facilities are currently located." *Id*. at 128. "[I]n general, state tort law remedies provide roughly similar incentives for potential defendants to comply with the Eighth Amendment while also providing roughly similar compensation to victims of violations." *Id*. at 130.   In fact, Kansas is another state whose tort law reflects the "general principles of tort law" recognized in *Minneci* and set forth in the (Second) Restatement of Torts §§ 314A(4), 320 (1963–64).   *See Camp v. Richardson*, No. 11-3128-SAC, 2014 WL 958741, at n.12 (D. Kan. 2014) (citing *Estate of Belden v. Brown Cty.*, 261 P.3d 943 (Kan. App. 2011) (setting forth remedies available in Kansas)).

Likewise, the Tenth Circuit has previously stated that "the presence of an alternative cause of action against individual defendants provides sufficient redress such that a *Bivens* cause of action need not be implied."   *Crosby v. Martin*, 502 F. App'x 733, 735 (10th Cir. 2012) (unpublished) (citing *Peoples v. CCA Det. Ctrs.*, 422 F.3d 1090, 1102 (10th Cir. 2005)).   The Tenth Circuit found that where plaintiff "has an alternative cause of action against the defendants pursuant to Kansas state law, he is precluded from asserting a *Bivens* action against the defendants in their individual capacities," and he is "barred by sovereign immunity from asserting a *Bivens* action against the defendants in their official capacities."   *Crosby*, 502 F. App'x at 735 (citing *Farmer v. Perrill*, 275 F.3d 958, 963 (10th Cir. 2001) (finding that an official-capacity claim "contradicts the very nature of a *Bivens* action.  There is no such animal as a *Bivens* suit against a public official tortfeasor in his or her official capacity.")).

Plaintiff's remedy against CCA and its employees, if any, is an action in state court for negligence or other misconduct. *See Harris v. Corr. Corp. of Am. Leavenworth Det. Ctr.*, No. 16-

3068-SAC-DJW, 2016 WL 6164208, at *3 (D. Kan. 2016) (stating that plaintiff has remedies for injunctive relief in state court and citing *Peoples*, 422 F.3d at 1104–05 (individual CCA defendants owed a duty to protect to plaintiff that if breached, would impose negligence liability); *Lindsey*, 557 F. Supp. 2d at 1225 (Kansas law generally provides an inmate with a remedy against CCA employees for negligence and for actions amounting to violations of federal constitutional rights.); *see also Menteer v. Applebee*, 2008 WL 2649504, at *8–9 (D. Kan. June 27, 2008) (plaintiff's state law negligence claim found to be equally effective, alternative cause of action to *Bivens* claim). In addition, "[i]n Kansas, a prisoner may attack the terms and conditions of his or her confinement as being unconstitutional through a petition filed under K.S.A. 60-1501." *Harris*, 2016 WL 6164208, at *3 (citing *Jamerson v. Heimgartner*, 326 P.3d 1091, at *1 (Kan. App. June 20, 2014) (unpublished)).  Because Plaintiff has an alternative cause of action against Defendants pursuant to Kansas state law, he is precluded from asserting a *Bivens* action in federal court.

### D.  Criminal Statutes

Plaintiff purports to be bringing his claims under 18 U.S.C. § 249 (the Matthew Shepard and James Byrd, Jr. Hate Crimes Prevention Act)  and 34 U.S.C. § 30501.  Section 249 is a criminal statute dealing with hate crimes.  *See* 18 U.S.C. § 249.  Section § 30501 codifies Congress's findings in enacting § 249, including that "[t]he problem of crimes motivated by bias is sufficiently serious, widespread, and interstate in nature as to warrant Federal assistance to States, local jurisdictions, and Indian tribes."  34 U.S.C. § 30501(10); *see also United States v. Diggins*, 36 F.4th 302, 310 n.10 (1st Cir. 2022) (referring to § 30501 as Congress's "legislative findings").

 Plaintiff's claim seems to be that he was not allowed to bring criminal charges in connection with the assault on him.  Plaintiff does not have a private right of action to enforce criminal laws.  As a general matter, federal criminal statutes that "do not provide for a private right

of action" are "not enforceable through a civil action." *Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007). Neither § 249 (the criminal statute), nor § 30501 (Congress's legislative findings in enacting the statute), provide a private cause of action. *Perkins v. Univ. of Kansas Med. Ctr.*, 2014 WL 1356042, at *4 (D. Kan. 2014) (finding claim under § 249 should be dismissed because "[t]hese federal statutes authorize criminal prosecution for various acts, they do not authorize a private cause of action") (citation omitted); *see also Pennington v. Meyers*, 2022 WL 656163, at *4 (D. Kan. 2022) (same).

Further, the Court is not authorized to direct state or federal prosecutorial authorities to bring a criminal case against any of the Defendants. *See Maine v. Taylor*, 477 U.S. 131, 136 (1986) ("the United States and its attorneys have the sole power to prosecute criminal cases in federal courts"); *Lynn v. Cline*, 2019 WL 2578241, at *2 (D. Kan. 2019) ("This Court cannot order the initiation of criminal charges, which is a decision within the discretion of prosecuting attorneys.") (citing *Presley v. Presley*, 102 F. App'x 636, 636–37 (10th Cir. 2004) (holding that a court order for "investigation and prosecution of various people for various crimes" would "improperly intrude upon the separation of powers")); *State ex rel. Rome v. Fountain*, 678 P.2d 146, 148 (Kan. 1984) ("[A] private individual has no right to prosecute another for crime and no right to control any criminal prosecution when one is instituted. Thus, the philosophy of this state has always been that a criminal prosecution is a state affair and the control of it is in the public prosecutor.").

## IV. Response Required

Plaintiff is required to show good cause why his Complaint should not be dismissed for the reasons stated herein. Failure to respond by the deadline may result in dismissal of this action without further notice for failure to state a claim.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff is granted until **July 23, 2024,** in which to show good cause, in writing to the Honorable John W. Lungstrum, United States District Judge, why Plaintiff's Complaint should not be dismissed for the reasons stated herein.

**IT IS SO ORDERED**.

**Dated June 21, 2024, in Kansas City, Kansas.**

S/  James P. O'Hara
**JAMES P. O'HARA**
**UNITED STATES MAGISTRATE JUDGE**