IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**JOSEPH A. KNIPE,**

    **Plaintiff,**

    v.                                                             CASE NO. 24-3101-JWL

**CCA LEAVENWORTH, and
(FNU) BAKER, Warden,**

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff is in custody at the Forest City-FCI in Forest City, Arkansas. Plaintiff's claims are based on incidents occurring during his detention at CCA Leavenworth in Leavenworth, Kansas ("CCA"). The Court granted Plaintiff leave to proceed in forma pauperis. On June 21, 2024, the Court entered a Memorandum and Order to Show Cause (Doc. 5) ("MOSC") ordering Plaintiff to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC. This matter is before the Court on Plaintiff's response (Doc. 6).

Plaintiff alleges that on June 8, 2021, he was assigned to the Y-Pod at CCA and was assaulted by another inmate for being a sex offender. (Doc. 1, at 2.) Plaintiff alleges that he was video recorded by medical staff stating what occurred, and was taken to Providence Hospital's ER for treatment of his injuries. *Id*. Plaintiff alleges that when he returned to CCA, he was placed in Protective Custody and "never got [his] chance to go to court for what happened." *Id*.

Plaintiff alleges a due process violation, a violation of "18 USC [249] the Shephard-Byrd Hate Crimes Act," and a violation of 34 U.S.C. § 30501 "of the Covid-19 Hate Crimes Act." *Id*.

1

at 3–4.  Plaintiff names CCA and Warden Baker as defendants, and seeks "restitution owed for mental and physical injuries of $2,500,000.00." *Id*. at 5.

The Court found in the MOSC that it plainly appears from the face of the Complaint that Plaintiff's claims are subject to dismissal as barred by the applicable two-year statute of limitations.  Plaintiff filed his Complaint on June 17, 2024.  Plaintiff's alleged violations occurred in June or July of 2021.  It thus appears that any events or acts of Defendants taken in connection with Plaintiff's claims took place more than two years prior to the filing of Plaintiff's Complaint and are time-barred.  *See Fratus v. Deland*, 49 F.3d 673, 674–75 (10th Cir. 1995) (district court may consider affirmative defenses *sua sponte* when the defense is obvious from the face of the complaint and no further factual record is required to be developed).

In his response, Plaintiff argues that his claims should not be barred by the statute of limitations.  (Doc. 6, at 1.)  However, the Court also found in the MOSC that even if Plaintiff's claims were not barred by the statute of limitations, he fails to state a claim for relief.  Plaintiff states that he is bringing his claims under 42 U.S.C. § 1983.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted).  A defendant acts "under color of state law" when he "exercise[s] power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Id*. at 49 (citations omitted).

Plaintiff alleges no facts to support an inference that any of the Defendants were acting under state law or in conspiracy with any state official.  Plaintiff also makes no allegation that the Defendants obtained significant aid from the state of Kansas or any other state or state officials, or

that Defendants engaged in conduct otherwise chargeable to the State.  Plaintiff provides no factual claim or support for a claim that Defendants acted under color of state law.  *See McKeighan v. Corr. Corp. of Am.*, No. 08-3173-SAC, 2008 WL 3822892, at *3 (D. Kan. 2008) (finding CCA not a "person" amenable to suit under § 1983, and CCA employees not acting under color of state law); *see also United States v. Spaeth*, 69 F.4th 1190, 1193 (10th Cir. 2023) (noting that the Leavenworth Detention Center is a private detention center managed by CoreCivic, formerly the Corrections Corporation of America, and that the facility contracts with the U.S. Marshals Service to detain federal defendants awaiting trial and sentencing).  Therefore, Plaintiff fails to state a claim for relief under 42 U.S.C. § 1983.[1]

In his response, Plaintiff continues to argue that the Defendants violated 18 U.S.C. § 249 and 34 U.S.C. § 30501, and attaches documentation of his injuries.  (Doc. 6, at 2; Doc. 6–1)  Section 249 is a criminal statute dealing with hate crimes.  *See* 18 U.S.C. § 249.  Section § 30501 codifies Congress's findings in enacting § 249, including that "[t]he problem of crimes motivated by bias is sufficiently serious, widespread, and interstate in nature as to warrant Federal assistance to States, local jurisdictions, and Indian tribes."  34 U.S.C. § 30501(10); *see also United States v. Diggins*, 36 F.4th 302, 310 n.10 (1st Cir. 2022) (referring to § 30501 as Congress's "legislative findings").

The Court held in the MOSC that Plaintiff does not have a private right of action to enforce criminal laws.  As a general matter, federal criminal statutes that "do not provide for a private right of action" are "not enforceable through a civil action." *Andrews v. Heaton*, 483 F.3d 1070,

---

[1] The Court also found in the MOSC that Plaintiff does not have a claim under *Bivens*.  Plaintiff does not dispute this finding in his response.  *See Minneci v. Pollard*, 565 U.S. 118, 120–21 (2012) (refusing to imply the existence of a Bivens action where state tort law authorizes alternate action providing deterrence and compensation); *see also Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 71–73  (2001) (holding that Bivens action does not lie against a private corporation operating a halfway house under contract with the Bureau of Prisons); *see also Logsdon v. U.S. Marshal Serv.*, 91 F.4th 1352, 1355 (10th Cir. 2024), *rehr'g denied* (Apr. 5, 2024).

1076 (10th Cir. 2007).  Neither § 249 (the criminal statute), nor § 30501 (Congress's legislative findings in enacting the statute), provide a private cause of action.  *Perkins v. Univ. of Kansas Med. Ctr.*, 2014 WL 1356042, at *4 (D. Kan. 2014) (finding claim under § 249 should be dismissed because "[t]hese federal statutes authorize criminal prosecution for various acts, they do not authorize a private cause of action") (citation omitted); *see also Pennington v. Meyers*, 2022 WL 656163, at *4 (D. Kan. 2022) (same).

Plaintiff has failed to show good cause why this matter should not be dismissed for failure to state a claim.

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

**Dated July 19, 2024, in Kansas City, Kansas.**

> **S/  John W. Lungstrum**
> **JOHN W. LUNGSTRUM**
> **UNITED STATES DISTRICT JUDGE**